UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

T-MOBILE NORTHEAST LLC,

    Plaintiff,

v.                                          ACTION NO. 4:10cv82

THE CITY COUNCIL OF THE CITY OF
NEWPORT NEWS, VIRGINIA,
       and
THE CITY OF NEWPORT NEWS, VIRGINIA,

    Defendants.

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by an order of reference entered August 17, 2010.

This case was referred for a report and recommendation on a motion to dismiss filed by defendant the City of Newport News. Doc. 4. For the reasons stated herein, the Court recommends that the City of Newport News's Motion to Dismiss the complaint against the City pursuant to the provisions of Federal Rules of Civil Procedure 12(b)(6) be DENIED.

# I. FACTUAL AND PROCEDURAL HISTORY

This action arose from the following set of uncontested facts: Plaintiff identified a target location for a wireless communication tower on the property of R.O. Nelson Elementary School in the City of Newport News, owned by the Newport News School Board. After Plaintiff approached the School Board regarding the placement of a new tower, a lease was executed for a portion of the school property to the Plaintiff for the construction of the wireless communication tower. Following an investigation by the City Planning Commission, the Commission recommended to the City Council that they approve the application for the issuance of a Conditional Use Permit on May 5, 2010. On June 8, 2010 the Plaintiff's application for the Conditional Use Permit was considered and denied by the City Council.

On July 8, 2010, T-Mobile Northeast filed a Complaint in this Court against the defendants, the City Council of Newport News and the City of Newport News, alleging that City Council of Newport News, through the City, unlawfully denied T-Mobile's application for a Conditional Use Permit to build a communication tower on the property of the R.O. Nelson Elementary School located within the City of Newport News. The Plaintiff's Complaint asserts claims under the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7), and under Virginia state law. Summonses were issued to each defendant on July 9, 2010, and on July 28, 2010, the City filed this Motion to Dismiss the City of Newport News as a party to this action for a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs submitted a Memorandum in Opposition to the Motion to Dismiss on August 9, 2010, and the City submitted a Reply to the Memorandum in Opposition on August 13, 2010. Oral argument was held September 7, 2010 in Norfolk.

## II. STANDARD OF REVIEW

A defendant may move the court to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint; it "'does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.'" Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (quoting Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept as true well-pleaded allegations and construe them in favor of the non-moving party. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). The Court may rely upon allegations in the complaint and those documents attached as exhibits or incorporated by reference. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007); Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. 1995), vacated on other grounds, 517 U.S. 1206 (1996). The determination of whether a complaint gives a defendant fair notice as to the claim against him, and the plausibility that the complaint alleges a claim against a defendant which is more than merely speculative is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## III. ANALYSIS

Virginia Code § 15.2-1404 provides the proper framework to determine if the Plaintiff stated a claim against the City on the face of the Complaint. The Complaint alleges the City is liable for

the City Council's denial of Plaintiff's Conditional Use Permit. The issue raised in the City's Motion to Dismiss is whether the City may be sued in its own name for the actions of the City Council. The Virginia Code states, "[e]very locality may sue or be sued in its own name in relation to all matters connected with its duties." Va. Code § 15.2-1404 (2008). Locality is defined in § 15.2-102 and "shall be construed to mean a county, city, or town as the context may require." Va. Code § 15.2-102 (2008). There seems to be no dispute among the parties that the City of Newport News is a municipal corporation, and thus a locality, within the Commonwealth of Virginia. Compl. ¶ 4; Answer ¶ 4.

Further, it is within the sound duty of a city to exercise its zoning authority to provide for the uniform application of regulations. See Bd. of Supervisors v. Bd. of Zoning Appeals, 268 Va. 441, 445-46 (2004) ("A local government's exercise of its zoning authority is one of the most essential powers of government . . . ." (citing Hadacheck v. Sebastian, 239 U.S. 394, 410 (1915))). The City of Newport News recognizes this duty when they provide that the City Council adopt a general plan to protect the "public safety, health and welfare" of its citizens through the adoption of zoning plans and restrictions. City Charter of Newport News § 2.06. Since the City Charter of Newport News grants authority to the City Council to carry out the duties related to adopting restrictions and ordinances "relative to the development of land," the actions of the City Council fall within the zoning duties of a city. Id. Therefore, it is proper to name the City of Newport News as a party in its own name based on allegations of actions of the City Council in their given power to set and modify zoning regulations.

Additionally this Court finds persuasive the broad language of the Telecommunications Act of 1996, the violation of which is the subject of Plaintiff's Complaint. Section 332 (c)(7) places limitations on any "[s]tate or local government or instrumentality thereof . . ." and provides a broad

remedy for those "adversely affected" through commencement of action against any wrongful party. 47 U.S.C. § 332 (c)(7)(B), (c)(7)(B)(v). The Court finds the language of this section broad enough to contemplate actions against State, city, local governing body or any combination of the above. Without clear guidance from Virginia law as to the proper parties or party to this type of action, it is improper to grant the Motion to Dismiss the City of Newport News so as not to thwart any potential remedy for wronged parties. See 47 U.S.C. § 151 (discussing the goals of the Telecommunications Act which seek to promote the use of wireless communications through comprehensive regulation and enforcement). Moreover, the remedy sought by the Plaintiffs is an injunction requiring the City Council to grant Plaintiff the Conditional Use Permit, and may require action by the City to carry out a potential injunctive order. At this stage in the litigation, this Court is unpersuaded that the Plaintiff will be able to achieve complete relief if the City is no longer a party to this action.

Defendant states that "plaintiff gets no support from Va. Code § 15.2-1404, permitting a locality to be sued in its own name in connection with its duties, as the grant or denial of a conditional use permit is not among its duties; that authority is vested exclusively in the City Council," citing Code of the City of Newport News § 45-2702. Reply to Opp'n to Mot. to Dismiss p.4. This is an inaccurate statement. Although § 45-2702 states that the City Council may authorize the issuance of conditional use permits under specified conditions, it no where states that this is a duty exclusively held by the City Council to the exclusion of the City. Under this Court's interpretation of Virginia Code § 15.2-1404, zoning matters decided by the City Council are within the duties of a local government. Neither the parties, nor this Court, could identify specific law prohibiting a suit against a city based on the zoning actions of its city council.

It should be noted that the parties appear to be in disagreement over which application was

submitted to the City Council for approval. Mot. in Opp'n p.1 n.1. For the purposes of this motion, however, this argument is irrelevant. The focus of this Report and Recommendation is to inquire as to whether the Plaintiff alleged sufficient facts in their Complaint against the City of Newport News to survive a motion to dismiss under Rule 12(b)(6). As stated above, this Court finds that it has done so. The Complaint's failure to mention the City specifically within each of its separate allegations is not fatal to the Complaint under Federal Rules of Civil Procedure 12(b)(6). The Plaintiff states that the City acted "through the City Council." Compl. ¶ 1. This statement is sufficient to state a cause of action against the City based on the exercise of its zoning powers as carried out through City Council, which are described in the remainder of the Plaintiff's Complaint.

## IV. RECOMMENDATION

For the above stated reasons, this Court recommends that the City of Newport News's Motion to Dismiss the complaint pursuant to the provisions of Federal Rules of Civil Procedure 12(b)(6) be DENIED.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or

specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

September 9, 2010